IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOSEPH E. BROCK                                                                           PLAINTIFF

vs.                                    Civil No. 6:16-cv-06017

CAROLYN COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Joseph Brock ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Income Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff's application for DIB was filed on March 11, 2013.  (Tr. 116, 228-229).  Plaintiff alleged he was disabled due to high blood pressure and pain.  (Tr. 245).  Plaintiff originally alleged an onset date of January 1, 2012, but later amended it to May 27, 2012.  (Tr. 116).  This application was denied initially and again upon reconsideration.  (Tr. 156-175, 178-180).  Thereafter, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

1

requested an administrative hearing on his application and this hearing request was granted. (Tr. 184-185).

Plaintiff's administrative hearing was held on July 22, 2014. (Tr. 128-155). Plaintiff was present and was represented by counsel, Fred Caddell, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Floyd Massey testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-one (51) years old and had a high school education. (Tr. 123, 132).

On September 18, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 116-124). In this decision, the ALJ determined the Plaintiff last met the insured status of the Act on December 31, 2012. (Tr. 118, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from May 27, 2012, his amended onset date, through the date last insured of December 31, 2012. (Tr. 118, Finding 2).

The ALJ determined Plaintiff had the severe impairments of osteoarthritis of the right wrist, osteoarthritis of the left shoulder, and hypertension. (Tr. 119, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 119, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 119-122). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for light work, except he could occasionally reach overhead bilaterally and he could frequently grasp and handle with his dominant right hand. (Tr. 119, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 122, Finding 6). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing

in significant numbers in the national economy Plaintiff could perform. (Tr. 123, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as counter attendant with 250 such jobs in Arkansas and 44,000 such jobs in the nation, self-service store attendant with 1,700 such jobs in Arkansas and 200,000 such jobs in the nation, and routing clerk with 300 such jobs in Arkansas and 42,700 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since February 25, 2013. (Tr. 124, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 111). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-7). On February 24, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 29, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to fully develop the record, (B) in his credibility analysis, and (C) in the RFC determination. ECF No. 14, Pgs. 9-16. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 15. Additionally, it should be noted the relevant period in this case is from May 27, 2012, Plaintiff's amended alleged onset date, through December 31, 2012, his date last insured. Plaintiff must establish disability during this period to be entitled to DIB under Title II.

#### A. Duty to Develop Record

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have sought further clarification from his treating physician, Dr. Donald Blagdon, regarding the severity of his impairments, and should have ordered an orthopaedic consultative examination. ECF No. 14, Pgs. 9-10. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

Dr. Blagdon began treating Plaintiff in April 2015. (Tr. 9-15). This was seven months after the ALJ issued his decision on September 18, 2014. (Tr. 116-124). Therefore, the ALJ could not have contacted Dr. Blagdon, and any treatment by Dr. Blagdon was outside the relevant time period.

The ALJ had a complete treatment record before him, which he discussed in his decision, and which was supportive of his decision. (Tr. 289-416, 423-484). Additionally, the ALJ had a consultative physical examination from Dr. Michael Westbrook, which was supportive of his findings. (Tr. 418-422). Finally, the ALJ had the benefit of medical source statements from state agency medical consultants, who reviewed the medical evidence of record and issued their opinions on any functional limitations arising from Plaintiff's impairments. (Tr. 162-163, 172-174).

Further, as discussed, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that he was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has not set forth any evidence showing had the ALJ requested additional consultative examinations, the ALJ would have arrived at a different decision.

Therefore, I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### B. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 14, Pgs. 10-13. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 15.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints.  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record.  (Tr. 119-122).  Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) No persuasive evidence of medication side effects, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Conservative medical treatment, (5) Not fully compliant with his treatment, and (6) Work history which showed no earning that reached level of substantial gainful activity in the last 15 years.  *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be

affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### C. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for light work, except he could occasionally reach overhead bilaterally and he could frequently grasp and handle with his dominant right hand. (Tr. 119, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 14, Pgs. 13-16. Specifically, Plaintiff argues the evidence of record does not support the ALJ's RFC determination and the ALJ should have adopted the limitations assigned by Dr. Blagdon. However,

substantial evidence supports the ALJ's RFC determination.

On March 27, 2012, Plaintiff was seen at the Good Samaritan Clinic and reported generalized pain in wrist, elbows, and shoulders. (Tr. 302). Plaintiff returned on July 26, 2012 and had no complaints of pain. (Tr. 300). On July 26, 2012, Plaintiff was seen for a follow up and reported fatigue and right wrist pain. (Tr. 300). Plaintiff's work up for rheumatoid arthritis was negative. *Id.*

On October 19, 2012, Plaintiff was again seen at the Good Samaritan Clinic regarding left shoulder and wrist pain. (Tr. 299). Plaintiff was recommended a brace for bilateral wrist osteoarthritis and scheduled cortisone injections for left shoulder pain. *Id.* On December 13, 2012, Plaintiff received an injection for left shoulder pain. (Tr. 330). Plaintiff returned on February 27, 2013, and indicated a one-week improvement of his shoulder pain after the injection. (Tr. 329). On March 28, 2013, during a follow-up on his left shoulder, it was noted Plaintiff was off Mobic for 3 days and his pain was much worse. (Tr. 328). The record doesn't indicate treatment from March 28, 2013 through September 18, 2014, the date the ALJ issued his decision.

The ALJ also relied on the consultative physical examination of Dr. Westbrook performed on May 17, 2011. (Tr. 418-422). Dr. Westbrook noted a normal range of motion in all of Plaintiff's joints including left and right shoulders, negative straight leg raising tests, no muscle spasms, normal reflexes, no muscle weakness or atrophy, no sensory abnormalities, normal limb function, and normal gait and coordination. (Tr. 420-421). Plaintiff also had normal grip and 100% strength in both of his hands. (Tr. 421). Dr. Westbrook assessed Plaintiff's status as post left rotator cuff tear, left shoulder pain, neck pain, and back pain. (Tr. 418, 422).

Also, Plaintiff's argument that the ALJ should have adopted the limitations assigned by Dr. Blagdon is without merit. To begin with, Dr. Blagdon, who didn't see Plaintiff until April 2015,

issued his opinion in June of 2015, almost nine months after the ALJ issued his September 2014 decision, which was almost two and a half years after Plaintiff's date last insured of December 31, 2012. (Tr. 9-10). Therefore, his opinion is not relevant to Plaintiff's claim of disability and is not probative of Plaintiff's condition before his date last insured.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **6th day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE